UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                        :

INDIAN HARBOR INSURANCE COMPANY et al.,    :
                                        :

                Plaintiff-Interpleaders,    :
                                        :                25-CV-3349 (JMF)

        -v-                                 :
                                        :       MEMORANDUM OPINION
ALEXANDER MASHINSKY et al.,              :            AND ORDER
                                        :

                Defendant-Interpleaders.    :
                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      The motion to drop Defendant-Interpleaders Alexander Mashinsky and Roni Cohen-Pavon, *see* ECF No. 41, is DENIED, substantially for the reasons set forth in the Plaintiff-Interpleaders' memorandum of law in opposition, *see* ECF No. 66.  Movant-Defendants' arguments that Mashinsky and Cohen-Pavon are excluded from coverage under the Side A Policies are not without force.  *See* ECF No. 42, at 10-21.  But it would be premature to address these arguments at this stage of the litigation.  *See, e.g., JPMorgan Chase Bank, N.A. v. 29-33 Ninth Ave., LLC*, 710 F. Supp. 3d 259, 268-69 (S.D.N.Y. 2024) (noting that interpleader actions generally proceed in two stages, the first determining whether interpleader is appropriate relief and the second adjudicating the adverse claims).  Whatever the merits of their respective claims may be (as to which the Court intimates no views here), Mashinsky and Cohen-Pavon have both made non-frivolous claims to the funds at issue in this case and, therefore, are properly joined. *See, e.g.*, *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010) (noting that "address[ing] the merits of the [interpleader] claims before propriety of the interpleader . . . is backwards of the usual order"); *John Hancock Mut. Life Ins. Co. v. Kraft*, 200 F.2d 952, 954 (2d Cir. 1953) (observing that interpleader is permissible if "the stakeholder is or may be exposed to double or

multiple liability," without regard for the merits of those claims (internal quotation marks omitted)); *Hartford Cas. Ins. Co. v. Lexington Ins. Co.*, No. 14-CV-8060 (KMK), 2016 WL 1267801, at *7 (S.D.N.Y. Mar. 30, 2016) ("To be a claimant, one must assert an interest in the fund that is the subject of the interpleader action."); *United States v. Barry Fischer L. Firm, LLC*, No. 10-CV-7997 (TPG), 2011 WL 31545, at *3 (S.D.N.Y. Jan. 5, 2011) (holding that the court "need not determine the merits" of an interpleader-defendant's claim at the outset where the interpleader-plaintiff "show[s] that its inclusion of [an interpleader-defendant's] claims is not frivolous"); *Sotheby's, Inc. v. Garcia*, 802 F. Supp. 1058, 1065 (S.D.N.Y. 1992) ("The availability of the interpleader remedy . . . is not dependent on the merits of the claims asserted against the stakeholder."); *see also State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 532-33 (1967) (holding that interpleader is to be liberally construed).  Accordingly, the Court declines to address the merits of Mashinsky and Cohen-Pavon's claims (let alone such issues as choice of law) by way of a motion to sever.

One housekeeping issue remains: Defendant-Interpleaders Mashinsky, Leon, and Landes filed motions to seal or redact material that is "confidential" pursuant to an Arbitration Agreement, *see* ECF Nos. 73, 84, which the Court granted on a temporary basis pending review of this motion, *see* ECF Nos. 82, 89.  Having reviewed the material, the Court is inclined to deny the motions and order the material unsealed.  It is well established that a mere agreement between parties to keep a document confidential is not sufficient to justify the sealing or redaction of a "judicial document" subject to the presumption in favor of public access.  *See, e.g.*, *United States v. Wells Fargo Bank N.A.*, No. 12-CV-7527 (JMF), 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015) (citing cases).  Yet that is the sole basis for sealing proffered here.  If any party believes that the materials at issue should remain sealed or redacted on another basis,

that party shall file a letter brief, **within three business days** and not to exceed three pages, showing why doing so is consistent with the presumption in favor of public access to judicial documents.  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  Absent such a motion, the materials at issue will be promptly unsealed.

Finally, per the Court's Order of September 15, 2025, ECF No. 63, Defendant-Interpleaders shall answer or otherwise respond to the Complaint within **two weeks of the date of this Memorandum Opinion and Order**.  By that **same date,** the parties shall file a joint letter proposing next steps in the litigation — including but not limited to whether the Court should hold a conference now or wait for service on Interpleader-Defendant Johannes Treutler.

The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Alexander Mashinsky, as he is now proceeding *pro se*.  *See* ECF No. 100.

SO ORDERED.

Dated: December 8, 2025
     New York, New York

JESSE M. FURMAN
United States District Judge

3