# VAN TOL LAW PLLC

www.vantol-law.com

199 8th Avenue, Suite B3
Brooklyn, New York 11215

2835 Route 20
Nassau, New York 12123


September 3, 2026

**VIA ECF**

Honorable Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2510
New York, New York 10007

Re: *Indian Harbor Ins. Co. et al. v. Mashinsky et al.*, Case No. 1:25-cv-03349-JMF

Dear Judge Furman:

This firm represents Interpleader Defendants Shlomi Daniel Leon and Aliza Landes in the above action. This letter is joined by Interpleader Defendants Hanoch Goldstein, Rod Bolger, Rodney Sunada-Wong, Shiran Kleiderman, Kristine Meehan, Harumi Urata-Thompson, and Jeremie Beaudry.[1]

I write regarding the August 31, 2026 letter (the "August 31 Letter") filed by non-party Indian Harbor Insurance Company ("Indian Harbor") asking the Court to quash the subpoena ("Subpoena") served on Indian Harbor by Interpleader-Defendant Johannes Treutler ("Treutler"). ECF #211. The Movants agree that the Subpoena should be quashed, and they also note the following:

1. The Subpoena should not be considered in connection with the pending PSJ Motion because it was served on August 6, 2026, several weeks ***after*** the parties had fully briefed the PSJ Motion. Fed. R. Civ. P. 56(d) and the relevant case law require a party opposing summary judgment to provide an affidavit detailing the discovery that purportedly renders summary judgment premature. Treutler did not include the Subpoena in his opposition.

2. The Court made it clear at the June 1, 2026 conference and in the resulting order that the parties should address the need for discovery in their papers on the PSJ Motion. *See* ECF #176. Although Treutler argued for such discovery in his opposition, he did not obtain Court permission before serving the Subpoena. Moreover, the Subpoena was not validly issued because the parties

[1] The foregoing are the parties who filed the motion for partial summary judgment ("PSJ Motion") and I will refer to them below as the "Movants."

have not had a Rule 16 conference in this action, and third-party discovery cannot begin before the parties meet in advance of such a conference. *See* Fed. R. Civ. P. 26(d)(1).

3. Treutler also attempted to conduct the discovery sought in the Subpoena in secret. He failed to provide notice of the Subpoena to all parties before service, as required by Fed. R. Civ. P. 45(a)(4), and it appears that Treutler planned to take the deposition of Indian Harbor without the other parties being present.

4. As Indian Harbor pointed out in the August 31 Letter, the Subpoena does not seek relevant information and it should be quashed on that ground alone. *See* ECF #211, at 2. Treutler did not argue in his opposition to the PSJ Motion that the Lead Side A Policy is ambiguous, thus conceding that there is no need for discovery on the meaning of the terms "Insured Person" and "functionally equivalent role." *See* ECF #207, at 11-12 (Movants' reply noting Treutler's concession).

Therefore, the Movants respectfully request that the Court quash the Subpoena and exclude it from any consideration in connection with the PSJ Motion.

Respectfully submitted,

*Pieter Van Tol*

Pieter Van Tol

pvantol@vantol-law.com
917-514-9464

Cc: Counsel of record (by ECF)
Alexander Mashinsky (by email)

Under Rule 26(d)(1) of the Federal Rules of Civil Procedure, a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... by court order." Fed. R. Civ. P. 26(d)(1). When considering whether to grant a motion for early or expedited discovery prior to a Rule 26(f) conference, courts apply a "flexible standard of reasonableness and good cause." Next Phase Distribution, Inc. v. John Does 1-27, 284 F.R.D. 165, 171 (S.D.N.Y. 2012).

Mr. Treutler's response (ECF No. 213) does not dispute Movants' assertion that the parties have not yet conferred. On that basis, Indian Harbor's letter-motion to quash (ECF No. 211) is granted. Mr. Treutler may re-serve the subpoena in the event that the Court denies Movants' motion for summary judgment (or defers a ruling on the motion pending discovery). Until that time, the Court reserves judgment on the parties' other arguments about the propriety of the subpoena.

The Clerk of Court is directed to terminate ECF No. 211 and to mail a copy of this endorsed letter to Defendant Mr. Mashinsky.

SO ORDERED.

September 4, 2026